IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:94-cr-343-G (01) |
| | § | |
| VERNON ANTHONY MILLER, | § | |
| | § | |
| Movant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Vernon Anthony Miller ("Miller"), proceeding *pro se*, has filed a motion for reduction of sentence and memorandum in support [Dkt. Nos. 307 and 308] and a motion for an evidentiary hearing and for appointment of counsel [Dkt. No. 309]. His motions have been referred to the undersigned magistrate judge under 28 U.S.C. § 636(b) for a hearing, if necessary, and for recommendation. *See* Dkt. No. 311. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Following a 1995 trial, Miller was convicted of conspiracy (to commit bank robbery, interference by threats or violence, and transportation of a stolen vehicle), in violation of 18 U.S.C. §§ 371, 2113(a) and (d), 1951(a), and 2312 (Count 1); bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2 (Counts 2, 4, and 6); using a firearm during a crime of violence, aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Counts 3 and 7); and interstate transportation of a stolen vehicle, aiding and abetting, in violation of 18 U.S.C. §§ 2312 and 2 (Count 8).

Miller was found not guilty as to Count 5, a separately alleged violation of Section 924(c)(1), and he was sentenced to 468 months' incarceration. On direct appeal, the United States Court of Appeals for the Fifth Circuit affirmed his conviction in an unpublished decision, *see United States v. Miller*, No. 95-10731 (5th Cir. May 17, 1996), and the United States Supreme Court denied Miller's petition for writ of certiorari, *see United States v. Miller*, No. 96-5656 (Oct. 7, 1996). Miller has also collaterally attacked his conviction and sentence through several habeas petitions.

Through the motion now before the Court, filed under 18 U.S.C. § 3582(c)(2), Miller argues that (1) he is entitled to a reduction in his sentence based on a 2000 amendment to the United States Sentencing Guidelines ("USSG") and (2) the Court should also consider reducing his sentence based on his post-conviction rehabilitation.

## Legal Standards and Analysis

Section 3582 authorizes "the district court [to] reduce an incarcerated defendant's term of imprisonment when the defendant has been sentenced pursuant to a guideline range 'that has subsequently been lowered by the Sentencing Commission'" under 28 U.S.C. § 994(o). *United States v. Reid*, 449 F. App'x 807, 809 (11th Cir. Dec. 9, 2011) (per curiam) (quoting 18 U.S.C. § 3582(c)(2)); *see also United States v. Guice*, No. 3:10-cr-183-B (05), 2013 WL 2354282, at *2 (N.D. Tex. May 29, 2013).

The change to the Sentencing Guidelines that Miller claims is applicable here occurred "on November 1, 2000, [when] Amendment 599 amended the commentary to U.S.S.G. § 2K2.4, which provides the base offense level for a defendant who commits

a § 924(c) offense." *Reid*, 449 F. App'x at 808; *see also* USSG § 1B1.10(c) (listing Amendment 599 as an amendment to be applied retroactively).

"Amendment 599 was enacted in order to clarify under what circumstances a weapons enhancement may properly be applied to an underlying offense when the defendant has also been convicted for the use or possession of a firearm pursuant to 18 U.S.C. § 924(c), which carries a separate and consecutive punishment for firearm use." *United States v. Pringle*, 350 F.3d 1172, 1179 (11th Cir. 2003) (citation omitted). "After Amendment 599, if the district court imposes a § 924(c) sentence 'in conjunction with a sentence for the underlying offense' the court 'do[es] not apply any specific offense characteristics for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.'" *Reid*, 449 F. App'x at 808 (quoting USSG. app. C, amend. 599).

For example, if a defendant is convicted of multiple robberies, "Amendment 599 allows for weapon enhancements for all robberies except for the one robbery that served as the basis for [the] § 924(c) conviction." *Pringle*, 350 F.3d at 1180; *see United States v. Riley*, No. 96-40032-01-SAC, 2001 WL 1224652, at *1-*2 (D. Kan. Sept. 5, 2001) ("If a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction." (quoting USSG Supp. to App. C, amend. 599)); *United States v. Cross*, 387 F. App'x 632, 633 (7th Cir. July 23, 2010) ("During sentencing, the court increased the offense level for the first three bank robbery counts because Cross brandished or

possessed a firearm. U.S.S.G. § 2B3.1(b)(2)(C). The court did not apply a similar increase for the fourth robbery because of instructions in an application note to U.S.S.G. § 2K2.4 that a sentence not be enhanced for use of a firearm if a defendant is also being sentenced for using a firearm .... Because Cross did not receive a weapon enhancement for the fourth bank robbery count, the district court correctly concluded that Amendment 599 did not alter Cross's sentence.").

As Miller correctly points out, *see* Dkt. No. 308 at 5-6, he received a mandatory five-year sentence for the first Section 924(c) conviction (Count 3), a Class D Felony, and a mandatory twenty-year sentence for the second Section 924(c) conviction (Count 7), a Class C Felony. Miller is also correct that the Court enhanced his conspiracy conviction (Count 1) "by +5 points, four times[,] stating that a firearm was brandished." *Id.* at 6; *see also* Dkt. No. 312, presentence report, ¶¶ 23, 26, 29, 33 (citing USSG § 2B3.1(b)(1)(A)).

While Miller argues that these enhancements are inconsistent with Amendment 599 because "he has been already conviction of 18 U.S.C. § 924(c) and received enhancements," Dkt. No. 308 at 6, his interpretation of Amendment 599 is incorrect. And, although it was imposed prior to Amendment 599, Miller's sentence is consistent with that amendment.

The four five-level enhancements under USSG 2B1.1(b)(1)(A), imposed for brandishing a firearm, are tied to Count 1, for conspiracy to commit seven separate robberies. As the presentence report explained,

> Count 1 in this case involved conspiracy to commit robberies on August 17 (Count 2), August 26 (Count 4), and September 29, 1994 (Count 6).

-4-

> Also included in Count 1 were four other robberies that occurred between June 19 and July 18, 1994[,] which the defendant conspired to commit, but were not named in separate counts.

Dkt. No. 312, ¶ 21. The five-level enhancements are tied to the four robberies that Miller conspired to commit but that were not named in separate counts – the robbery of a Captain D's on June 29, 1994, *see id.*, ¶¶ 22, 23; the robbery of a Kentucky Fried Chicken the same day, *see id.*, ¶¶ 25, 26; the robbery of a Taco Bell the next day, *see id.*, ¶¶ 28, 29; and the robbery of Pioneer Bank on July 18, 1994, *see id.*, ¶¶ 31, 33.

In addition to conspiracy to commit bank robbery, Miller was also convicted of three counts of bank robbery (Counts 2, 4, and 6). Miller's Section 924(c) convictions are associated with Count 2, the robbery of Mesquite Credit Union on August 17, 1994, and Count 6, the robbery of Mesquite Credit Union on September 29, 1994. Although included as part of the conspiracy conviction, Miller did not receive weapon enhancements for the robberies in Counts 2 and 6. *See* Dkt. No. 312, ¶¶ 38, 48 ("Although a firearm was possessed during commission of [these] offense[s], no increase is warranted due the defendant's conviction on Count[s] 3 [and 7]." (citing USSG § 2K2.4, cmts., n.2)). Thus, Miller did not receive a weapon enhancement for a "robbery that served as the basis for [either] § 924(c) conviction." *Pringle*, 350 F.3d at 1180.

It does not matter, moreover, that the robberies that served as the basis for his Section 924(c) convictions were included in the conspiracy count, which included other robberies for which Miller did receive a weapon enhancements. The underlying offenses for which Miller received the enhancements – the robbery of a Captain D's, the robbery of a Kentucky Fried Chicken, the robbery of a Taco Bell, and the robbery of Pioneer

Bank – were different than the offenses underlying his Section 924(c) convictions – the robberies of Mesquite Credit Union. *See id.* at 1181 ("[T]he underlying offense that received the enhancements – conspiracy to commit the robberies of Cameron's Jewelry Store, Ron's Pawn Shop, and North Carolina National Bank – was different than the offense that formed the basis of Appellant's 18 U.S.C. § 924(c) conviction – the robbery of Liberty Savings Bank. Thus, there was no impermissible 'double counting,' the prevention of which is the real concern of Amendment 599."); *United States v. Galvez*, 437 F. App'x 790, 792 (11 th Cir. Aug. 11, 2011) (per curiam). ("[E]ven if [the] § 924(c) conviction was predicated on a criminal event that also formed part of his conspiracy conviction, nothing suggests that the weapon enhancement was predicated on that same criminal event within the conspiracy. Accordingly, Amendment 599 did not invalidate [the] weapon enhancement and had no effect on [the] Guidelines sentencing range, thereby precluding a § 3582(c)(2) sentence reduction." (citations omitted)).

Miller's second ground for relief, that the Court should consider post-sentencing rehabilitation in imposing a new sentence, should also be rejected. The case that Miller cites for support, *Pepper v. United States*, ___ U.S. ____, 131 S. Ct. 1229 (2011)

> is inapposite. *Pepper* allows a court to consider post-sentencing rehabilitation in imposing a new sentence after a remand for resentencing. *Id.* at 1241. Here, no remand for resentencing has occurred, and the Court's power to modify a previously imposed sentence is narrowly limited. Neither 18 U.S.C. § 3582(c)(2) nor any other provision allows the Court to reopen an imposed sentence based on post-sentencing rehabilitation.

*United States v. Moore*, 930 F. Supp. 2d 141, 145 n.3 (D.D.C. 2013); *accord Guice*, 2013 WL 2354282, at *4.

**Recommendation**

The motion for reduction of sentence [Dkt. No. 307] should be denied. And the motion for hearing and for appointment of counsel [Dkt. No. 309] should be denied as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 24, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE