IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:94-cr-343-G (1) |
| | § | |
| VERNON ANTHONY MILLER, | § | |
| | § | |
| Movant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Vernon Anthony Miller ("Miller"), proceeding *pro se*, has filed a declaration in support of a request to proceed *in forma pauperis* [Dkt. No. 320], which the Court has construed as a motion for leave to proceed *in forma pauperis* ("IFP") on appeal. Miller previously noticed his appeal, *see* Dkt. No. 319, of the Court's December 15, 2014 Order accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge that Miller's motions for reduction of sentence and for an evidentiary hearing and appointment of counsel [Dkt. Nos. 307-309] be denied. *See* Dkt. No. 313. Miller's current motion has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) for a hearing, if necessary, and recommendation. *See* Dkt. No. 321. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

On October 24, 2014, the undersigned recommended that Miller's motion seeking a sentencing reduction under Amendment 599 to the United States Sentencing

Guidelines – "enacted in order to clarify under what circumstances a weapons enhancement may properly be applied to an underlying offense when the defendant has also been convicted for the use or possession of a firearm pursuant to 18 U.S.C. § 924(c), which carries a separate and consecutive punishment for firearm use," *United States v. Pringle*, 350 F.3d 1172, 1179 (11th Cir. 2003) (citation omitted) – be denied because Miller's interpretation of Amendment 599 as applied to his conviction and sentence was incorrect and because, although his sentence was imposed prior to enactment of Amendment 599, which is retroactive, his sentence is consistent with that amendment. *See generally* Dkt. No. 313.

## Legal Standards

28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) govern the determination of applications to proceed with an appeal *in forma pauperis*. *See, e.g.*, *Taylor v. Dretke*, No. 4:02-cv-1017-Y, 2003 WL 22121296, at *1 (N.D. Tex. Sept. 12, 2003). Section 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.* And Rule 24(a) in pertinent part provides:

> **(1) Motion in the District Court.** Except as stated in Rule 24(a)(3), [concerning, unlike here, a party previously permitted to proceed *in forma pauperis*,] a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> > **(B)** claims an entitlement to redress; and
> > **(C)** states the issues that the party intends to present on appeal.

> **(2) Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

FED. R. CIV. P. 24(a).

An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, No. 3:07cv193, 2008 WL 906011, at *1 (S.D. Ohio Mar. 31, 2008); *see also Coppedge*, 369 U.S. at 445; *Amir-Sharif v. Dallas Cnty. Tex.*, 269 F. App'x 525, 526 (5th Cir. Mar. 13, 2008) (per curiam) ("A movant who seeks authorization to proceed IFP on appeal must demonstrate that he is a pauper and that his appeal involves nonfrivolous issues." (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982))); *Davis v. City of Dallas*, No. 3-76-CV-0834-P, 2004 WL 1774550, at *1 (N.D. Tex. July 27, 2004) ("A movant must demonstrate the existence of a non-frivolous issue for appeal." (citing *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988))).

## Analysis

Miller has not shown that there is a non-frivolous issue to be litigated on appeal by addressing the basis for the Court's dismissal of his case: that Amendment 599 did not affect the calculation of his sentence and that is, his sentence as imposed is consistent with the Sentencing Guidelines after enactment of Amendment 599. Thus,

because Miller "fail[s] to give a reasoned nonfrivolous argument on the law and supporting facts as to why the dismissal of his habeas petition was incorrect," the Court should deny his motion and certify that his appeal is not taken in good faith under Section 1915(a)(3). *Clark v. Oklahoma*, 468 F.3d 711, 713, 715 (10th Cir. 2006) (affirming district court's denial of motion to proceed IFP because Section 2254 petitioner's "application to appeal failed to give a reasoned nonfrivolous argument on the law and supporting facts as to why the dismissal of his habeas petition was incorrect"); *Thigpen v. Daniels*, 475 F. App'x 306, 308 (10th Cir. Aug. 14, 2012) (applying *Clark*, and citing *Coppedge*, to "conclude, as did the district court, that [the] appeal [was] not taken in good faith" where plaintiff "merely repeat[ed] his claims without providing 'a reasoned nonfrivolous argument on the law and supporting facts as to why the dismissal of his habeas petition was incorrect'").

**Recommendation**

Miller's motion for leave to proceed *in forma pauperis* on appeal [Dkt. No. 320] should be denied, and the Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of the order denying Miller's motions [Dkt. Nos. 307-309] would not be taken in good faith.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 29, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE